UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-cr-00069-RLY-CSW |
| | ) | |
| NATHAN OTTO, | ) | -01 |
| | ) | |
| Defendant. | ) | |

### R<small>EPORT AND</small> R<small>ECOMMENDATION</small>

On September 4, 2024, the Court held an initial appearance hearing on the *Petition for Warrant for Offender Under Supervision* filed June 7, 2024, (Dkt. 93), and the *Supplemental Petition for Warrant for Offender Under Supervision* filed September 3, 2024. (Dkt. 101). On October 16, 2024, the Court held a final hearing. Defendant Nathan Otto ("Otto") appeared in person with his appointed counsel, Ron Freson. The government appeared by Matthew Miller, Assistant United States Attorney. U.S. Probation appeared by Officer Courtney Price.

This matter was referred to the Magistrate Judge to conduct a hearing and make a Report and Recommendation as to the disposition. (Dkts. 99, 102). Otto was advised that the District Judge is not bound to accept the Report and Recommendation. In accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583, the Court advised Otto of his rights, confirmed he had with him with copies of the *Petition* and *Supplemental Petition*, and conducted a Final Revocation Hearing whereby witnesses were called and evidence was entered.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), finds that Otto violated all seven conditions as alleged in the *Petition* and *Supplemental Petition*, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a

period of twenty-four (24) months with no further supervision upon release from imprisonment.

The specific allegations which Otto is found to be in violation of are as follows:

| **Violation Number** | **Nature of Noncompliance** |
|---|---|
| 1. | **"You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods."** |
| | The defendant is enrolled in the Federal Drop Line program and was provided with instructions to call the designated number every day. Mr. Otto failed to report on May 21, 2024, May 24, 2024, and May 30, 2024. |
| 2. | **"You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage."** |
| | On May 6, 2024, Mr. Otto submitted to a urine analysis through the Good Samaritan, Family Health Center, and rendered a positive lab confirmed result for methamphetamine. |
| 3. | **"You shall report to the probation officer in a manner and frequency directed by the court or probation officer."** |
| | On May 30, 2024, this officer attempted to make contact with Mr. Otto via his last known telephone number. The line went straight to voicemail at which time this officer left message requesting a return call back. |
| | On May 30, 2024, this officer sent an office appointment letter to the defendant's residence with a scheduled date |

        and time of June 04, 2024, at 9:00 AM. The defendant was a no show/no call.

4. **"You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician. The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer."**

        Mr. Otto failed to report as scheduled on May 22, 2024, and May 24, 2024, to his appointments with the Good Samaritan, Family Health Center. No future appointments have been scheduled at this time.

5. **"You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change."**

        On May 30, 2024, this officer made contact with Mr. Otto's father who reported he was unaware of Mr. Otto's whereabouts and had not been in contact with him for a couple of days. Mr. Otto's father could not confirm if the defendant still lived in his residence or not.

6. **"You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the**

|   |   |
|---|---|
|   | **treatment provider, as approved by the probation officer."** <br>Mr. Otto failed to report as scheduled on May 22, 2024, and May 24, 2024, to his appointments with the Good Samaritan, Family Health Center. No future appointments have been scheduled at this time. |
| 7. | **"You shall not commit another federal, state, or local crime."** <br><br>On August 2, 2024, Mr. Otto was arrested in San Diego, California, and charged with Possession of a Controlled Substance, misdemeanor; and Violation of Posted Orders in State Park, misdemeanor. |

In rendering its decision, the Court considered all admitted exhibits and the testimony of both witnesses while taking particular notice of the seriousness of the offense committed by Otto in Violation Number 7, the number of violations Otto has committed in such a short amount of time, and the immediacy after his release from prison within which Otto began violating the conditions of his supervision. The undersigned believes Otto's conduct is sufficiently serious that it warrants revocation of supervision and does not need to specifically address the issue of whether revocation is mandatory pursuant to the statute because the undersigned finds revocation is appropriate. As to the penalty for revocation, the government demonstrated by a preponderance of the evidence all the allegations in the Petition and Supplemental Petition. Otto made no objection to the admittance of Exhibits 3 and 4, which validated positive drug screens for substances other than his prescribed medication. Additionally, the government proved that Otto was present within Indiana at the time of his second violation. Otto made no objection to the admittance of Exhibit 1, which established his presence in Indiana on April 25, 2024. He also did not object to the admittance of Exhibit 5, which confirmed his presence in Indiana on both May 1, 2024, and May 6, 2024. His arrest in California did not take place until August 2, 2024. Therefore, whether his charges in California would be treated as misdemeanors or felonies in Indiana is immaterial to the undersigned's overall conclusion that based upon all of the evidence, Otto

violated the terms of his supervised release in significant and serious ways, as detailed in the petitions and proven at the hearing, such that the penalty should also be significant and serious.

As a result, the Court finds that the highest grade of violation is a Grade **B** violation, that Otto's criminal history category is **VI**, and that the range of imprisonment applicable upon revocation of supervised release is therefore **21 to 24** months imprisonment. The Magistrate Judge now **RECOMMENDS** Otto be sentenced to a twenty-four (24) month term of imprisonment with no further supervision to follow upon release.

**SO ORDERED.**

Date: October 18, 2024

Crystal S. Wildeman
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system.