UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:18-cr-00069-RLY-CSW |
| ) | |
| NATHAN OTTO, ) | -01 |
| ) | |
| Defendant. ) | |

**ENTRY ADOPTING REPORT AND RECOMMENDATION**

On October 25, 2024, Defendant Nathan Otto filed an Objection to Magistrate Judge Crystal S. Wildeman's Report and Recommendation regarding the U.S. Probation Office's Petition for Warrant for Offender Under Supervision and Supplemental Petition for Warrant for Offender Under Supervision. For the foregoing reasons, the court **OVERRULES** Otto's objection and **ADOPTS** the Magistrate Judge's Report and Recommendation.

**I.     Background**

Otto pled guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 77 months of incarceration with 3 years of supervised release. (Filing No. 85, Judgment). Otto was released on April 25, 2024. (*See* Filing No. 93, Petition for Warrant at 1). On June 7, 2024, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging Otto had violated six different terms of his supervised release. (*Id.* at 1–2). Relevant here is Violation 2. For Violation 2, the United States Probation Office alleged:

1

> "You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage."
>
> On May 6, 2024, Mr. Otto submitted to a urine analysis through the Good Samaritan, Family Health Center, and rendered a positive lab confirmed result for methamphetamine.

(*Id.* at 2). On September 3, 2024, the United States Probation Office filed a Supplemental Petition for Warrant or Summons for Offender Under Supervision, alleging that Otto was arrested in San Diego, California, on August 2, 2024, in violation of the terms of his supervised release. (Filing No. 101).

Pursuant to 18 U.S.C. § 3401(i), the matter was referred to Magistrate Judge Wildeman to conduct a hearing on the petition and to submit proposed findings of fact and recommendations for disposition under 18 U.S.C. § 3583(e). (Filing No. 102). The Magistrate Judge held a Final Hearing on October 16, 2024. (Filing No. 110). At the hearing, U.S. Probation Officer Courtney Price and Lab Technologist Susan Frasier testified, and the Government's Exhibits 1 through 6 were admitted without objection. (*Id.*). The Magistrate Judge recommended that Otto's supervised release be revoked and that he be sentenced to 24 months of incarceration with no further supervision to follow. (Filing No. 111, Report and Recommendation at 5). Otto timely filed an Objection to the Magistrate Judge's Report and Recommendation. (Filing No. 112).

**II.     Legal Standard**

Federal Rule of Criminal Procedure 59(b)(3) requires the court to "consider de novo any objection to" a magistrate judge's recommendation on a dispositive matter.

Fed. R. Crim P. 59(b)(3). Under *de novo* review, the court is free to accept, reject, or modify the recommended disposition. Fed. R. Crim. P. 59(b)(3). "*De novo* review requires the district judge to decide the case based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013).

### III.   Discussion

As an initial matter, the court need not consider Otto's objection because he filed it *pro se* despite having representation. "[A] defendant who is represented by counsel relinquishes the right to file his own *pro se* submissions." *United States v. Khatib*, 606 F. App'x 845, 847 (7th Cir. 2015). Courts have "wide discretion to reject *pro se* submissions by defendants represented by counsel." *United States v. Cross*, 962 F.3d 892, 899 (7th Cir. 2020); *see also United States v. Blount*, 93 F.4th 1063, 1065 (7th Cir. 2024) ("[A] district judge is not required to read the *pro se* filings of a represented defendant at all . . . ."). Pursuant to the Criminal Justice Act, the court appointed counsel to represent Otto. (Filing No. 109). He was represented by counsel at the time he filed his objection. As such, the court could decline to consider Otto's *pro se* objection.

Moreover, Otto has waived his right to review for failure to comply with Rule 59(b)(2). The rule requires the party objecting to a recommendation to "promptly arrange for transcribing the record." Fed. R. Crim. P. 59(b)(2). It does not appear that Otto has complied with this requirement, which "waives [his] right to review." *Id.*

Nevertheless, even considering Otto's objection on the merits, the court is not persuaded by Otto's arguments. Otto objects only to the Magistrate Judge's findings

3

regarding Violation 2. Otto's objection is twofold: he contends that (1) the Magistrate Judge erred in concluding that he committed Violation 2; and (2) even if the Magistrate Judge was correct in concluding that he committed Violation 2, the Magistrate Judge erred in concluding that it was a Grade B violation. The court discusses each of Otto's arguments in turn.

### A. Commission of Violation 2

The court may revoke a term of supervised release and impose a term of imprisonment if the court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). Otto argues that he did not commit Violation 2 because 18 U.S.C. § 3565(b)(4) requires more than three positive tests for illegal controlled substances over the course of one year, and Violation 2 alleges only one positive test. Therefore, according to Otto, the court cannot infer possession of methamphetamine from his single positive drug test.

First, the court notes that the relevant statute is 18 U.S.C. § 3583(g)(4), which applies to supervised release. Section 3565 applies to probation, but Otto was on supervised release, not probation. (*See* Judgment). Section 3583(g)(4) provides that, if a defendant on supervised release "tests positive for illegal controlled substances more than 3 times over the course of 1 year," revocation of supervised release is mandatory. The fact that more than three positive drug tests trigger mandatory revocation does not mean that more than three positive tests are necessary to constitute a violation of the terms of supervised release. Importantly, the Magistrate Judge did not find that revocation was mandatory. (*See* Report and Recommendation at 4). Otto's single positive drug test

4

amounts to a violation of the condition that he not "use or possess any controlled substances," (Petition for Warrant at 2), regardless of the requirements for mandatory revocation in § 3583(g)(4).

Otto further argues that the statutory requirement of more than three positive drug tests for mandatory revocation means that the court cannot infer possession of methamphetamine from Otto's single positive drug test. "[U]se of a drug implies its possession." *United States v. Trotter*, 270 F.3d 1150, 1153 (7th Cir. 2001) (citing *United States v. Young*, 41 F.3d 1184, 1185 (7th Cir. 1994)). As such, "inference of possession" from use "is permissible but not required." *United States v. Patlan*, 31 F.4th 552, 557 (7th Cir. 2022); *see also Young*, 41 F.3d at 1186 (holding that "'use' is subsumed within 'possession' where the defendant knowingly and voluntarily consumes the controlled substance"); *Trotter*, 270 F.3d at 1153 ("Inferring possession of a drug from the consumption of that drug is just as sensible as inferring, from the statement 'I ate a hamburger for lunch,' that the person possessed the hamburger before wolfing it down."). Courts may infer drug possession from positive drug tests and subsequent missed drug screens. *See Trotter*, 270 F.3d at 1153 (concluding that a trier of fact could infer drug possession where defendant "tested positive at least 3 times and skipped a further 7 tests").

Here, Otto tested positive for methamphetamine on May 6, 2024. He subsequently failed to report for testing three times. Exhibits establishing these facts were admitted with no objection. Otto provides no evidence that he did not knowingly and voluntarily consume the methamphetamine that triggered his positive test result. The

5

fact that three positive drug tests trigger mandatory revocation does not undermine the court's ability to infer possession of a drug from its use. *See United States v. Shockey*, 941 F.3d 282, 283–84 (7th Cir. 2019) (concluding that the "district court could reasonably infer possession from use" where defendant "tested positive for methamphetamine, which he later admitted using"). Accordingly, the court finds that Otto possessed methamphetamine.

        **B.**      **Grade of Violation 2**

Otto further argues that Violation 2 is a Grade C violation, rather than a Grade B violation. The Sentencing Guidelines provide that "conduct constituting a[] . . . federal, state, or local offense punishable by a term of imprisonment exceeding one year" is a Grade B violation. U.S.S.G. § 7B1.1(a)(2). By contrast, "conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision" is a Grade C violation. *Id.* § 7B1.1(a)(3).

Under 21 U.S.C. § 844(a), it is unlawful for a person to "knowingly or intentionally possess a controlled substance." In general, the maximum penalty for a violation of § 844(a) is a term of imprisonment of not more than one year. 21 U.S.C. § 844(a). However, if a person has a prior drug conviction under federal or state law, the maximum penalty for a violation of § 844(a) is a term of imprisonment for not more than two years. *Id.* As such, with a prior conviction, conduct constituting a violation of 21 U.S.C. § 844(a) qualifies as a Grade B violation because it is a "federal . . . offense punishable by a term of imprisonment excceeding one year." U.S.S.G. § 7B1.1(a)(2); *see*

6

*Patlan*, 31 F.4th at 557 (categorizing possession of methamphetamine in violation of 21 U.S.C. § 844(a) as a Grade B violation where the defendant had prior controlled substance convictions).

Here, Otto has several prior drug convictions. (Filing No. 80, Presentence Investigation Report at 6–9). Accordingly, his possession of methamphetamine in violation of 21 U.S.C. § 844(a) is punishable by a term of imprisonment for not more than two years and thus constitutes a Grade B violation of the terms of his supervised release. *See* 21 U.S.C. § 844(a); U.S.S.G. § 7B1.1(a)(2).

Because Otto's criminal history is category VI, (Presentence Investigation Report at 11), and he committed a Grade B violation of the terms of his supervised release, the applicable range for a term of imprisonment upon revocation of supervised release is 21 to 24 months' imprisonment, U.S.S.G. § 7B1.4(a); 18 U.S.C. § 3583(e)(3). The court agrees with the Magistrate Judge that a 24-month term of imprisonment with no further supervision to follow is appropriate.

## IV. Conclusion

For the foregoing reasons, the court **OVERRULES** Otto's Objection to the Report and Recommendation (Filing No. 112). The court **ADOPTS** the Magistrate Judge's Report and Recommendation (Filing No. 111). Accordingly, the court **REVOKES** Otto's supervised release and orders a sentence imposed of imprisonment of **24 MONTHS** in the custody of the Attorney General or his designee, with no supervised release to follow.

**IT IS SO ORDERED** this 11th day of December 2024.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.